UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 10877 DPW

DOGWATCH, INC.,                          )
a Massachusetts corporation,             )
                                         )
              Plaintiff,                 )    CIVIL ACTION NO. _____
                                         )
        v.                               )
                                         )
PET PERIMETERS, INC.                     )
f/k/a DOGWATCH OF                        )
HAMPTON ROADS          MAGISTRATE JUDGE  )
Inc. a Virginia corporation,             )
and WILLIAM GRAY,                        )
                                         )
              Defendants.                )
                                         )

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK. _____
DATE _____

## COMPLAINT

### Introduction

1.      In January 1999, Defendants signed an agreement (the "Dealer Agreement") with

DogWatch, Inc. ("DogWatch"), a manufacturer of animal restraint systems, under which

Defendants agreed to represent DogWatch as a dealer in the Hampton Roads, Virginia area, and

to "create, increase, and satisfy a demand" for DogWatch products. Defendants' contract

expressly provided that Defendants "shall be allowed to use (but shall not acquire an ownership

interest in) [Dogwatch's] trademarks...."

2.      In or around July, 2004, Defendants terminated the Dealer Agreement with the

DogWatch.

3.      Subsequent to termination of the Dealer Agreement, Defendants have continued

to use the name "DogWatch" in the course of trade, including, but not limited to, holding

1

themselves out to actual and prospective customers as representatives of DogWatch and suppliers of DogWatch products, use of DogWatch trademarks and logo, and listing themselves as "DogWatch of Hampton Roads" in local and regional print telephone directories, internet directories, and through directory assistance.

4.    DogWatch now brings this action for violations of the Lanham Act, breach of the duty of good faith and fair dealing, intentional interference with prospective business advantage and relations, unfair competition, "passing off", and unjust enrichment.

## The Parties

5.    Plaintiff DogWatch, Inc. is a Massachusetts corporation, with its principal place of business at 10 Michigan Drive, Natick, Massachusetts. DogWatch is in the business of, among other things, marketing, distributing, and selling electronic animal restraint systems.

6.    Defendant Pet Perimeters, Inc. (hereinafter "Dealer") is a Virginia business entity with its principal place of business at 1500 Sandbridge Road, Virginia Beach, Virginia. Dealer was formerly known as DogWatch of Hampton Roads, Inc. ("DogWatch of Hampton Roads").

7.    Defendant William Gray ("Gray") is an individual who, on information or belief, resides in Virginia Beach, Virginia. On information and belief, since 1999, Gray has been Dealer's president and the conscious, active, and dominant force behind Dealer's unlawful acts in this judicial district.

8.    For purposes of this Complaint, Dealer and Gray will be referred to, collectively, as "Defendants."

2

## Jurisdiction and Venue

9.      Counts I and II of this Complaint are brought under Section 43 of the Lanham

Act, 15 U.S.C. § 1125. This Court has jurisdiction over these claims under Section 39 of the

Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1338(a).

10.     Counts III through VIII of this Complaint are brought under the statutory and

common law of the Commonwealth of Massachusetts and/or the Commonwealth of Virginia.

This Court has jurisdiction over these claims under the general federal diversity statute, 28

U.S.C. § 1332(a), because the action is between citizens of different states, and the amount in

controversy exceeds the sum or value of $75,000.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), because a

substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this

judicial district, and a substantial part of the property at issue is situated here.

## Factual Background

12.     For a number of years, DogWatch has been in the business of marketing,

distributing and selling electronic animal restraint systems, including "hidden fence," electronic

training and other animal containment products.

13.     The DogWatch animal restraint system has been promoted widely by DogWatch,

and has received extensive publicity. In April, 1998, the DogWatch animal restraint system was

featured in Consumer Digest, and was awarded Consumer Digest's coveted "Best Buy" award.

14.     DogWatch products are sold under the arbitrary and distinctive name

"DogWatch," which is used by DogWatch to identify the source of its animal restraint products

and services. DogWatch, through Massachusetts counsel, has registered this name as its

3

trademark, and is the owner of valid U.S. Registration No. 1787377 (issued August, 1993). "DogWatch" is a famous mark.

### DogWatch Dealer Relationships

15.    At a local level, the DogWatch animal restraint system is marketed and distributed through a network of authorized dealers. Applications for DogWatch dealerships are processed and screened by DogWatch at its corporate headquarters in Natick, Massachusetts.

16.    Individuals are not authorized to associate themselves with DogWatch, or to use DogWatch's registered trademarks, or otherwise to market, distribute, or sell DogWatch products, until they sign a formal contract with DogWatch.

17.    Pursuant to such dealer agreements, the dealer is required to, take various steps to advertise and promote DogWatch.

18.    To assist its dealers in their advertising and promotional efforts, DogWatch has commissioned artwork ("Artwork"), and made it available to its dealers. This artwork is to be incorporated into advertisements, including but not limited to those appearing in telephone directories.

### The Dealer Agreement

19.    On or around January 1999, DogWatch signed the Dealer Agreement with Defendants, permitting Defendants to serve as an exclusive dealer of DogWatch animal restraint products in the Hampton Roads, Virginia area. Pursuant to the Dealer Agreement, and in their capacity as a dealer, agent and licensee of DogWatch, Defendants were permitted to use to DogWatch name, logos, trademarks and intellectual property.

4

20.     In their capacity as a dealer, agent and licensee Defendants took various steps to advertise and promote DogWatch in the Hampton Roads, Virginia area. In accordance with the terms of the Dealer Agreement, Defendants also obtained telephone numbers under the names DogWatch of Hampton Roads and DogWatch Hidden Fence Systems. Those telephone numbers were (757) 721-1020 and (757) 417-0222 (collectively, the "DogWatch Telephone Numbers"). Defendants caused the DogWatch Telephone Numbers to be listed in, at least, local and regional telephone directories.

21.     The DogWatch Telephone Numbers were and continue to be listed in telephone directories in and around the Hampton Roads, Virginia area. Further, accompanying some—if not all—of these listings are advertisements which incorporate some—if not all—of the following elements: the DogWatch name, logos, trademarks, intellectual property and the Artwork commissioned by DogWatch.

22.     In or around July 2004, Defendants' Dealer Agreement was terminated at Defendants' request. Dogwatch thereupon withdrew all approval of any and all use of DogWatch trademarks, advertising and promotional materials, including, without limitation, the name "DogWatch" and the DogWatch logo and Artwork by the Defendants to advertise or promote themselves as an authorized dealer of DogWatch products, whether in regional telephone directories, news media, or otherwise, and insisted on immediate cessation of such use by Defendants.

23.     Notwithstanding the termination of Defendants' dealer agreement with DogWatch, Defendants have continued to hold themselves out as dealers in DogWatch products, and have continued to use DogWatch's name, logos, trademark, or intellectual property for their

5

own business. For example, upon information or belief, Defendants own and operate a commercial vehicle that continues to bear the DogWatch name, trademark, or logo.

24.     Upon information or belief, Defendants have knowingly substituted non-DOGWATCH products for DOGWATCH products when performing service to DOGWATCH customers. Such non-DOGWATCH products are not compatible with other DOGWATCH products, and as consequence, DOGWATCH has received customer complaints.

25.     Further, Defendants have used, and are continuing to employ the DogWatch Telephone Numbers that, in and around the Hampton Roads, Virginia area, have been associated with DogWatch for many years. Defendants also continue to use the DogWatch name in telephone listings in Hampton Roads, Virginia regional telephone directories. Defendants have done so in a manner that would lead a consumer reasonably to conclude that Defendants are continuing to sell DogWatch products, or that Defendants are associated in some continuing relationship with DogWatch. For example, certain listings explicitly refer customers to "See Pet Stop Ad". "Pet Stop" is a supplier of underground fencing and a competitor of DogWatch.

26.     Defendants' continuing unauthorized use of the trademarked name "DogWatch," and their continuing use of the DogWatch Telephone Numbers are calculated to deceive consumers as to the source, origin, affiliation, sponsorship, or endorsement of the animal restraint products and services that Defendants provide. These actions have resulted in consumer confusion and in the misimpression by consumers that Defendants are affiliated in some respect with DogWatch.

27.     To the best of DogWatch's knowledge, Defendants have not informed (and do not inform) customers or potential customers calling the DogWatch Telephone Numbers that

6

Defendants are no longer licensed DogWatch dealers. Neither have Defendants referred customers or potential customers calling the DogWatch Telephone Numbers to a currently licensed DogWatch dealer in the Hampton Roads, Virginia area.

28.    As a result of Defendants' wrongful acts, described above, Plaintiff has suffered and are suffering irreparable harm to their general business and reputation and to the goodwill associated with the DogWatch name, trademark, products, and dealer network.

29.    As a result of Defendants' wrongful acts, described above, Defendants have obtained substantial revenues and profits, which it would be unjust and inequitable to permit Defendants to retain.

30.    Defendants' wrongful acts were done maliciously, oppressively, and with intent to defraud. Thus, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at trial.

**COUNT I**
**(Lanham Act, Section 43(a))**

31.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 30 as if set forth in full herein.

32.    Through media exposure, advertising and promotion, described above, the DogWatch name and mark have acquired secondary meaning as indicating a dealer in DogWatch goods and services and commercial source thereof. This use of the DogWatch name and mark is protectible under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

33.    The wrongful acts by Defendants, described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants and their products with DogWatch, its products, and its activities.

7

34.    The wrongful use by Defendants of Plaintiff's name, logo, marks, and intellectual property, as described above, constitutes a false designation of the origin of Defendants' goods, or a false or misleading description or representation of fact, within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and is a violation of that statute.

35.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

**COUNT II**
**(Lanham Act, Section 43(a))**

36.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 as if set forth in full herein.

37.    Through media exposure, advertising and promotion, described above, the DogWatch Telephone Numbers have acquired secondary meaning as indicating a dealer in DogWatch goods and services and commercial source thereof. This use of the DogWatch Telephone Numbers is protectible under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

38.    The wrongful acts by Defendants, described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants and their products with DogWatch, its products, and its activities.

39.    The wrongful use by Defendants of Plaintiff of the DogWatch Telephone Numbers, described above, constitutes a false designation of the origin of Defendants' goods, or

8

a false or misleading description or representation of fact, within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and is a violation of that statute.

40.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT III
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

41.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 40 as if set forth in full herein.

42.    Defendants' Dealer Agreement with DogWatch carried with it an implied obligation of good faith and fair dealing.

43.    By engaging in the conduct described above, Defendants have breached and are continuing to breach the implied covenant of good faith and fair dealing.

44.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

9

## COUNT IV

### (Interference with Prospective
### Business Advantage and/or Relations)

45.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 44 as if set forth in full herein.

46.    During the time period relevant to this Complaint, Defendants were aware of existing and prospective business relations between DogWatch, its dealers, its customers, and prospective customers of DogWatch products and services.

47.    Through their unauthorized use of the Plaintiff's name, logos, mark and intellectual property, as alleged above, Defendants have pursued, are pursuing and/or intend to pursue, these existing and prospective DogWatch customers for their own commercial advantage.

48.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT V

### (Interference with Prospective
### Business Advantage and/or Relations)

49.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 48 as if set forth in full herein.

50.    During the time period relevant to this Complaint, Defendants were aware of existing and prospective business relations between DogWatch, its dealers, its customers, and prospective customers of DogWatch products and services.

51.    Through their continued use of the DogWatch Telephone Numbers, as alleged above, Defendants have pursued, are pursuing and/or intend to pursue, these existing and prospective DogWatch customers for their own commercial advantage.

52.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT VI

### (Unfair Trade Practices)

53.    Plaintiff incorporate by reference the allegations of paragraphs 1 through 52 as if set forth in full herein.

54.    Defendants' have continued use of DogWatch's name and the DogWatch Telephone Numbers in association with their business despite termination of the Dealer Agreement.

55.    Defendants' conduct as set forth herein is an "unfair or deceptive act or practice," within the meaning of M.G.L. ch. 93A and involves prohibited practices within the meaning of Va. Code § 59.1-196 *et seq.* . Defendants' conduct is violative of Mass. Gen. L. ch. 93A and Virginia's Consumer Protection Act.

11

56.     As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT VII

### ("Passing Off")

57.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 56 as set forth in full herein.

58.     The wrongful use by Defendant of the DogWatch name, logos, mark, intellectual property and the DogWatch Telephone Numbers, as described above, in the circumstances of that use, constitute "passing off" and trademark infringement in violation of the common law of the Commonwealth of Virginia.

59.     As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiffs have been and continue to be irreparably damaged, and Defendants have been unjustly enriched and has received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT VIII

### (Unjust Enrichment)

60.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 59 as if set forth in full herein.

61.    Through their wrongful use of the Plaintiff's name, logo, marks and intellectual property, described above, Defendants have been able to identify and communicate with Plaintiff's prospective customers, and to promote their competing products to these customers.

62.    Through their wrongful acts, described above, including without limitation, continuing use of the Dogwatch Telephone Numbers, Defendants have been able to divert to itself the good will built by DogWatch over many years in the animal restraint business. Defendants have appropriated this good will and these commercial opportunities without cost or expense to themselves.

63.    As a result of the wrongful actions described above, Defendants have obtained substantial sales, revenues, and profits, without associated costs or expenditures.

64.    Defendants would be unjustly enriched by the retention of profits or cost savings realized by its wrongful acts, above.

65.    Under the common law of Commonwealth of Massachusetts and the Commonwealth of Virginia, Defendants are liable to Plaintiff for disgorgement of such profits, and in any other amount by which Defendants have been unjustly enriched.

## REQUEST FOR RELIEF

WHEREFORE, as a consequence of the acts alleged above, Plaintiff requests that this Court:

A.    issue a permanent injunction enjoining Defendants, their principals, agents, servants and employees, and all others subject to their control

(i) from using the DogWatch name, logos, trademark, or intellectual property in connection with their business or trade, including without limitation in all telephone directories or listings; or

(ii) from distributing to any customer or potential customer any advertising or promotional materials of any kind, upon which DogWatch's name, logos, trademark, or intellectual property appears, or

(iii) from making any other use whatsoever of the DogWatch name, logos, trademark, or intellectual property appears for advertising or promotional purposes or for the purposes of its business or trade;

B.    issue a permanent injunction enjoining Defendants, their principals, agents, servants and employees, and all others subject to their control

(i) from utilizing the DogWatch Telephone Numbers in any way in Defendants' business, advertising, or promotional activities, or

(ii) from distributing to any customer or potential customer any advertising or promotional materials of any kind, upon which the DogWatch Telephone Numbers appear, or

(iii) from making any other use whatsoever of the DogWatch Telephone Numbers for advertising or promotional purposes or for the purposes of its business or trade;

C.    order that all of Defendants' documents and tangible things upon which the DogWatch name, logos, trademark, or intellectual property appear, including, without limitation, all copies of advertising and promotional materials intended for distribution by Defendants to

14

customers or potential customers in its trade, be delivered up to the Court or to Plaintiff's counsel, and thereafter destroyed;

D.    order Defendants to immediately cease using the DogWatch Telephone Numbers and undertake a program of corrective advertising, including but not limited to telephone messaging and web, print, broadcast, and Yellow Pages advertisements, as reasonably required to correct any public confusion caused by Defendants' activities, above;

E.    determine the amount of the damages that have been incurred by Plaintiff due to Defendants' wrongful acts, as alleged above, and enter a judgment against Defendants in the amount of such damages, plus multiple and punitive damages as appropriate;

F.    determine the amount of the profits that have been obtained by Defendants as a consequence of its wrongful acts, as alleged above, and order disgorgement damages, by Defendants, in the amount of such profits;

G.    award punitive and exemplary damages against Defendants, and in favor of Plaintiff, as set forth above, to the extent authorized by law;

H.    award Plaintiff the costs, including reasonable attorneys' fees, that it has incurred in bringing and maintaining this action;  and

I.    award such other and additional relief as the Court deems just and proper.

Respectfully submitted,

DOGWATCH, INC.,

By counsel,

_____
Todd L. Tisdale (BBO #655643)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

Dated:  April __, 2005

16

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Dogwatch, Inc. v. Pet Perimiters, Inc. and William Gray

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                    YES ☐        NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                    YES ☐        NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                    YES ☐        NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                    YES ☐        NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                    YES ☒        NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐        Central Division ☐        Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                    YES ☐        NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Todd L. Tisdale, Esq.

ADDRESS Choate, Hall & Stewart LLP, 53 State Street, Boston, MA 02109

TELEPHONE NO. (617) 248-5000

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Dogwatch, Inc.

**DEFENDANTS**

Pet Perimeters, Inc. and
William Gray

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Todd L. Tisdale, Esq.
Choate, Hall & Stewart LLP
53 State Street, Boston, MA 02109
(617) 248-5000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**PERSONAL INJURY**
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**LABOR**
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 USC sec 1121; 28 USC sec 1338(a); USC sec 1372(a)
Defendant's continued use of plaintiff's name, logo, trademark and intellectual property in commerce after termination of agreement.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☒ UNDER F.R.C.P. 23  equitable relief/unspecified damages

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____