UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOGWATCH, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PET PERIMETERS, INC. F/K/A )<br>DOGWATCH OF HAMPTON ROADS INC. A )<br>VIRGINIA CORPORATION, AND WILLIAM )<br>GRAY )<br>)<br>Defendant. )<br>) | Civil Action No. 05-10877-DPW |

### ANSWER OF DEFENDANT PET PERIMETERS, INC. TO COMPLAINT

Defendant Pet Perimeters, Inc. f/k/a Dogwatch of Hampton Roads, Inc., ("defendant") answers the numbered paragraphs of the Complaint as follows:

1. The allegations of paragraph 1 are admitted only to the extent that defendant signed a dealer agreement with plaintiff. The terms of that dealer agreement speak for themselves and no further answer is required. Otherwise, denied.

2. The allegations of paragraph 2 are admitted upon information and belief, solely to the extent that they allege that defendant terminated its agreement. Otherwise, denied.

3. The allegations of paragraph 3 are admitted solely to the extent that they allege that the local phone book published on behalf of Verizon Communications for 2004-2005 lists defendant under "DogWatch of Hampton Roads" despite defendant's diligent efforts to cause the publisher to change the listing after termination of the Dealer Agreement. The remaining allegations of paragraph 3 are denied.

4.     No answer is required to the allegations of paragraph 4 of the Complaint as plaintiff states legal argument. To the extent they allege or imply that defendant has violated the law or is liable to plaintiff, they are denied.

5.     The allegations of paragraph 5 are admitted to the extent that it is believed that plaintiff has its principal place of business at 10 Michigan Drive, Natick, Massachusetts and that it is in the business, among other things, of marketing, distributing and selling electronic animal restraint systems. Defendant lacks specific knowledge as to the state of incorporation of plaintiff and accordingly cannot admit or deny the same.

6.     The allegations of paragraph 6 are admitted in part and denied in part. It is admitted solely that Pet Perimeters, Inc. is a Virginia corporation formerly known as Dogwatch of Hampton Roads, Inc. However, defendant's principal place of business is located at 4364 Holland Road, Virginia Beach, Virginia. The remaining allegations of paragraph 6 are denied.

7.     The allegations of paragraph 7 are admitted solely to the extent that William Gray is an individual residing in Virginia Beach, Virginia, and is the President of Pet Perimeters. The remaining allegations of paragraph 7 are denied.

8.     No response is required to the allegations of paragraph 8.

9.     The allegations merely assert jurisdiction, and no answer is called for. To the extend they allege or imply that defendant has violated to law or is liable to plaintiff, they are denied.

10.    The allegations merely assert jurisdiction, and no answer is called for. To the extent they allege or imply that defendant has violated the law or is liable to plaintiff, they are denied.

11. The allegations merely assert venue and no answer is called for. To the extent they allege or imply that defendant has violated to law or is liable to plaintiff, they are denied.

12. The allegations of paragraph 12 are admitted upon information and belief.

13. The allegations of paragraph 13 are admitted solely to the extent that plaintiff has promoted its product. Defendant lacks sufficient information to admit or deny the remaining allegations.

14. Defendant lacks sufficient information to admit or deny the allegation. Further answering, defendant states that the United States Patent and Trademark Office reports a separate mark using the same letters, Reg. No. 2106009, is owned by Englander Communications, LLC.

15. The allegations of paragraph 15 are admitted solely to the extent that the Dogwatch system is, upon information and belief, marketed and distributed through a network of authorized dealers. Defendant lacks sufficient information to admit or deny the remaining allegations.

16. Defendant lacks sufficient information to admit or deny the allegations of paragraph 16.

17. The allegations of paragraph 17 are admitted solely to the extent that, upon information and belief, the Dealer Agreement permits use of trademarks in connection with the sale of products and requires advertising and promotional materials be approved in advance. The remaining allegations are denied.

18. The allegations of paragraph 18 are admitted solely to the extent that they allege that certain artwork was made available for use in advertising. Otherwise, defendant is without sufficient information to admit or deny the allegations.

19. Defendant admits solely that it signed a document entitled "Dealer Agreement" at one point. Further answering, defendant states that the terms of that document speak for themselves and that it lacks sufficient knowledge to affirm or deny whether plaintiff signed the agreement or whether the agreement became binding. To the extent the allegations are inconsistent with the foregoing, they are denied.

20. The allegations of paragraph 20 are admitted solely to the extent that defendant obtained telephone numbers under the name Dogwatch of Hampton Roads with the subtitle "Hidden Fence System". The allegations of paragraph 20 are further admitted solely to the extent that the relevant numbers were (757) 721-1020 and (757) 417-0222. The remaining allegations are denied.

21. The allegations of paragraph 21 are admitted to the extent that the phone numbers referenced in paragraph 20, above, are listed in the 2004-2005 edition of the Verizon Communications white pages and yellow pages for the Hampton Roads area of Virginia as "DogWatch of Hampton Roads" despite defendant's diligent efforts to cause the publisher to change the listing following the termination of the Dealer Agreement. The remaining allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are admitted solely to the extent the Dealer Agreement was terminated at defendant's request. The remaining allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. Defendant lacks information to admit or deny that plaintiff has received complaints from customers serviced by defendant since the termination of the Dealer Agreement. Defendant further states that the telephone numbers referenced in paragraph 20, above, are listed

in the 2004-2005 edition of the Verizon Communications white pages and yellow pages for the Hampton Roads area of Virginia as "DogWatch of Hampton Roads" despite defendant's diligent efforts to cause the publisher to change the listing following the termination of the Dealer Agreement. Defendant further admits solely that it has provided service to its customers using DogWatch products and has provided non-DogWatch products and services to its customers. The remaining allegations are denied.

25.  The answer to paragraph 21, above, is incorporated by reference herein, and the allegations are admitted solely to that extent. Further answering, defendant admits that it supplies underground fencing. The remaining allegations are denied.

26.  The allegations of paragraph 26 are denied.

27.  The allegations of paragraph 27 are denied.

28.  The allegations of paragraph 28 are denied.

29.  The allegations of paragraph 29 are denied.

30.  The allegations of paragraph 30 are denied.

## COUNT I
### (Lanham Act, Section 43(a))

31.  The answers to paragraphs 1-30, above, are incorporated by reference as if set forth in full.

32.  The allegations of paragraph 32 state legal conclusions and no answer is called for. To the extent they allege or imply that defendant has violated the law, they are denied.

33.  The allegations of paragraph 33 are denied.

34.  The allegations of paragraph 34 are denied.

35.  The allegations of paragraph 35 are denied.

## COUNT II
### (Lanham Act, Section 43(a))

36. The answers to paragraphs 1-35, above, are incorporated by reference as if set forth in full.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

## COUNT III
### (Breach of Implied Covenant)

41. The answers to paragraphs 1-40, above, are incorporated by reference as if set forth in full.

42. The allegations of paragraph 42 state a legal conclusion and no answer is called for. To the extent they allege that defendant has breached any covenant or is liable to plaintiff, they are denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

## COUNT IV
### (Interference)

45. The answers to paragraphs 1-44, above, are incorporated by reference as if set forth in full.

46. The allegations of paragraph 46 are admitted solely to the extent defendant was aware of its existing business relations with its customers during the time it was a Dogwatch dealer. The remaining allegations are denied.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

## COUNT V
### (Interference)

49. The answers to paragraphs 1-48, above, are incorporated by reference as if set forth in full.

50. The allegations of paragraph 50 are admitted solely to the extent defendant was aware of its existing business relations with its customers during the time it was a Dogwatch dealer. The remaining allegations are denied.

51. The allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied.

## COUNT VI
### (Unfair Trade Practices)

53. The answers to paragraphs 1-52, above, are incorporated by reference as if set forth in full.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

## COUNT VII
### ("Passing Off")

57. The answers to paragraphs 1-56, above, are incorporated by reference as if set forth in full.

58. The allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 are denied.

## COUNT VIII
### (Unjust Enrichment)

60. The answers to paragraphs 1-59, above, are incorporated by reference as if set forth in full.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65. The allegations of paragraph 65 are denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's rights have been abandoned as a result of acquiescence and/or toleration of unauthorized use of the DogWatch marks and/or the use of similar confusingly similar marks.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's rights to equitable relief are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's breach claim is barred by its own breach.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has at all times acted in good faith.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has reasonably relied on plaintiff's own actions and conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable steps to prevent confusion and/or to mitigate its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has consented to defendant's acts.

### NINTH AFFIRMATIVE DEFENSE

This court lacks personal jurisdiction of defendant.

### TENTH AFFIRMATIVE DEFENSE

This court lacks venue of the action.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions were justified.

WHEREFORE, defendant respectfully prays that this court

1. Dismiss the complaint and enter judgment for defendant;

2. Award to defendant its reasonable attorneys fees and costs;

3. Enter such other and further relief as is deemed just.

PET PERIMETERS, INC.
By its attorneys,

Paul R. DeRensis, BBO No. 121000
John Foskett, BBO No. 175540
DEUTSCH WILLIAMS BROOKS
  DERENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
(617) 951-2300

and

Paul A. Driscoll
Virginia State Bar No. 33476
Pender & Coward, P.C.
222 Central Park Avenue
Virginia Beach, VA 23462
(757) 490-3000

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail/hand on this date.

Date: June 6, 2005